# 24-1263

## United States Court of Appeals
## for the Second Circuit

EDWARD A. YERDON,

*Plaintiff-Appellant,*

v.

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLE, ELIZABETH ROMAND,
KARIN POITRAS,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of New York

**BRIEF FOR DEFENDANTS-APPELLEES**

LETITIA JAMES
  *Attorney General*
  *State of New York*

BARBARA D. UNDERWOOD
  *Solicitor General*
JEFFREY W. LANG
  *Deputy Solicitor General*
DOUGLAS E. WAGNER
  *Assistant Solicitor General*
   *of Counsel*

Attorney for Defendants-Appellees
The Capitol
Albany, New York 12224
(518) 776-2022

Dated: August 12, 2024

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................iii

PRELIMINARY STATEMENT........................................................ 1

JURISDICTIONAL STATEMENT ................................................. 2

ISSUES PRESENTED .................................................................... 2

STATEMENT OF THE CASE ......................................................... 3

    A.   Factual Background................................................... 3

    B.   Proceedings Below ................................................... 6

STANDARD OF REVIEW............................................................... 7

SUMMARY OF ARGUMENT ......................................................... 8

ARGUMENT

POINT I

    THE DISTRICT COURT CORRECTLY DISMISSED THE CLAIMS
    AGAINST THE INDIVIDUAL DEFENDANTS BECAUSE INDIVIDUALS IN
    THEIR PERSONAL CAPACITY ARE NOT LIABLE UNDER THE ADA........... 10

POINT II

    THE DISTRICT COURT CORRECTLY DISMISSED THE CLAIMS
    AGAINST THE DEPARTMENT................................................ 12

    A.   Plaintiff's Claims Are Barred by the State's Sovereign
            Immunity............................................................... 12

i

**Page**

B.    Plaintiff Fails to State a Plausible ADA Claim......................14

        1.    Employment-discrimination and failure-to-
              accommodate claims ...........................................15

        2.    Retaliation claim...............................................20

CONCLUSION ...................................................................22

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*A.M. ex rel. J.M. v. NYC Dep't of Educ.,*
   840 F. Supp. 2d 660 (E.D.N.Y. 2012) .................................................. 11

*Baptiste v. City Univ. of N.Y.,*
   680 F. Supp. 3d 415 (S.D.N.Y. 2023) ................................................... 11

*Bd. of Trs. v. Garrett,*
   531 U.S. 356 (2001) ............................................................................ 14

*Bennett v. N.Y. State Thruway Auth.,*
   No. 6:22-CV-337, 2024 WL 1053222 (N.D.N.Y. Mar. 11,
   2024) .................................................................................................. 13

*Bruzzese v. Sessions,*
   725 F. App'x 68 (2d Cir. 2018) ........................................................... 17

*Buhannic v. TradingScreen, Inc.,*
   779 F. App'x 52 (2d Cir. 2019) ........................................................... 17

*Chavis v. Chappius,*
   618 F.3d 162 (2d Cir. 2010) ............................................................... 15

*Cigan v. Chippewa Falls Sch. Dist.,*
   388 F.3d 331 (7th Cir. 2004) ......................................................... 18-19

*Costin v. Glens Falls Hosp.,*
   103 F.4th 946 (2d Cir. 2024) ................................................................ 7

*Daly v. Westchester Cnty. Bd. of Legislators,*
   No. 23-1220-CV, 2024 WL 3264125 (2d Cir. July 2, 2024) ............... 18

*Darcy v. Lippman,*
   356 F. App'x 434 (2d Cir. 2009) ................................................... 10, 17

*Davila v. Lang,*
   343 F. Supp. 3d 254 (S.D.N.Y. 2018) ................................................. 21

**Cases**                                                     **Page(s)**

*Dimps v. Taconic Corr. Facility,*
    802 F. App'x 601 (2d Cir. 2020) ........................................................ 16

*Dooley v. JetBlue Airways Corp.,*
    636 F. App'x 16 (2d Cir. 2015) .......................................................... 20

*Eastman Kodak Co. v. STWB, Inc.,*
    452 F.3d 215 (2d Cir. 2006) ................................................................ 2

*Ex Parte Young,*
    209 U.S. 123 (1908) .......................................................................... 14

*Fox v. State Univ. of N.Y.,*
    497 F. Supp. 2d 446 (E.D.N.Y. 2007) ............................................... 11

*Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,*
    280 F.3d 98 (2d Cir. 2001) ................................................................ 11

*Goe v. Zucker,*
    43 F.4th 19 (2d Cir. 2022) ............................................................ 10-11

*Harvin v. Manhattan & Bronx Surface Transit Operating Auth.,*
    767 F. App'x 123 (2d Cir. 2019) ........................................................ 17

*Hilton v. Wright,*
    673 F.3d 120 (2d Cir. 2012) .......................................................... 17-18

*Ibela v. Allied Universal,*
    No. 21-1995-CV, 2022 WL 1418886 (2d Cir. May 5, 2022) ............... 16

*Iwelu v. N.Y. State Off. of Mental Health,*
    No. 22-3096-CV, 2024 WL 2175938 (2d Cir. May 15, 2024) ........ 10, 12

*Jean-Laurent v. Wilkerson,*
    461 F. App'x 18 (2d Cir. 2012) ....................................................... 3, 16

*Kim v. Saccento,*
    No. 21-2865, 2022 WL 9583756 (2d Cir. Oct. 17, 2022) .................... 21

**Cases**                                                              **Page(s)**

*Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*,
  707 F.3d 144 (2d Cir. 2013) ............................................................. 13

*Nielsen v. Rabin*,
  746 F.3d 58 (2d Cir. 2014) ................................................................ 16

*Noel v. N.Y.C. Taxi & Limousine Comm'n*,
  687 F.3d 63 (2d Cir. 2012) ................................................................ 13

*Nyrop v. Indep. Sch. Dist. No. 11*,
  616 F.3d 728 (8th Cir. 2010) ............................................................ 18

*Porter v. Dartmouth-Hitchcock Med. Ctr.*,
  92 F.4th 129 (2d Cir. 2024) .............................................................. 19

*Quadir v. N.Y. State Dep't of Lab.*,
  39 F. Supp. 3d 528 (S.D.N.Y. 2014) ............................................... 13

*Rodrigues v. City of N.Y.*,
  835 F. App'x 615 (2d Cir. 2020) ...................................................... 17

*Simon v. E. Ky. Welfare Rts. Org.*,
  426 U.S. 26 (1976) ............................................................................. 14

*Spiegel v. Schulmann*,
  604 F.3d 72 (2d Cir. 2010) ............................................................... 10

*State Emps. Bargaining Agent Coal. v. Rowland*,
  494 F.3d 71 (2d Cir. 2007) ............................................................... 14

*T.W. v. N.Y. State Bd. of L. Examiners*,
  No. 22-1661, __ F. 4th __, 2024 WL 3463499 (2d Cir. July 19,
  2024) ................................................................................................... 14

*Tafolla v. Heilig*,
  80 F.4th 111 (2d Cir. 2023) ................................................. 15, 19-20

*Toyota Motor Mfg., Ky., Inc. v. Williams*,
  534 U.S. 184 (2002) ........................................................................... 16

**Cases**                                                    **Page(s)**

*Va. Off. for Prot. & Advoc. v. Stewart,*
    563 U.S. 247 (2011) ...................................................................... 12

*Walker v. Schult,*
    717 F.3d 119 (2d Cir. 2013) ........................................................ 3, 16

*Williams v. MTA Bus Co.,*
    44 F.4th 115 (2d Cir. 2022) ........................................................... 11

*Woolf v. Strada,*
    949 F.3d 89 (2d Cir. 2020) ............................................................ 15

*Yerdon v. Poitras,*
    No. 1:21-CV-565, 2024 WL 1765519 (N.D.N.Y. Apr. 24, 2024) .......... 6

*Yerdon v. Poitras,*
    No. 23-230, 2023 WL 9791500 (2d Cir. Dec. 13, 2023) ...................... 6

**Federal Statutes**

28 U.S.C.
    § 1291 ............................................................................................. 2
    § 1331 ............................................................................................. 2

42 U.S.C.
    § 12102(1) ..................................................................................... 15
    § 12102(3)(A) ............................................................................... 17

**Federal Regulations**

29 C.F.R.
    § 1630.2(g)(iii) ............................................................................. 18
    § 1630.2(*i*) .............................................................................. 15, 17
    § 1630.2(j) ..................................................................................... 15
    § 1630.2(j)(1)(ii) ........................................................................... 16

## PRELIMINARY STATEMENT

Pro se plaintiff Edward A. Yerdon, a former probationary employee with the New York State Department of Motor Vehicles (the Department), brought suit in the United States District Court for the Northern District of New York for employment discrimination under the Americans with Disabilities Act (ADA) following his termination. He named as defendants the Department, his former supervisor Karin Poitras, and New York State Office of Employee Relations (OER) employee Elizabeth Romand.[1] The district court (Kahn, J.) dismissed the complaint for failure to state a claim.

As an initial matter, the district court properly dismissed the claims against the individual defendants, Poitras and Romand, because the ADA does not impose liability on individuals in their personal capacity, and any official-capacity claims were redundant of the claims against the Department. The court also properly dismissed the claims against the Department, either for failure to state a claim (the ground given by the

---

[1] Defendant Romand has married during the pendency of this suit and is now known as Elizabeth Seeloff.

court) or on the alternative ground of the Department's sovereign immunity.

For the first time on appeal, plaintiff makes a request for leave to amend the complaint as to the individual defendants. This request is untimely and the requested amendment—to proceed only against the individuals—would be futile.

## JURISDICTIONAL STATEMENT

The district court had federal-question jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291, as a dismissal without prejudice where the court does not retain jurisdiction over the action is a final order within the meaning of that statute. *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006). The appeal is timely because the judgment issued on April 24, 2024, and plaintiff filed the notice of appeal on May 2, 2024.

## ISSUES PRESENTED

1. Did the district court properly dismiss the claims against the individual defendants, because individuals are not liable in their

personal capacity under the ADA, and any official-capacity claims are redundant of the claims against the Department?

2.    Did the district court properly dismiss the claims against the Department, either on the ground given by court—failure to state a claim—or on the alternative ground of the Department's sovereign immunity?

## STATEMENT OF THE CASE

### A.    Factual Background[2]

Plaintiff Edward A. Yerdon, acting pro se, brought suit in the United States District Court for the Northern District of New York against the Department, his former supervisor with the Department Karin Poitras, and OER employee Elizabeth Romand for employment discrimination under the ADA. (ECF 1 at 6.) Plaintiff alleged that when

---

[2] The district court did not consider plaintiff's papers in opposition to the motions to dismiss alongside the complaint. (ECF 55 at 1, 6); *see Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a district court "may" consider new factual allegations made by a pro se party in opposition to dismissal); *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 21 (2d Cir. 2012) (noting that a district court was not required to address allegations made in papers in opposition to dismissal). For completeness, this factual recitation includes relevant allegations plaintiff made in his complaint and subsequent filings.

he was a probationary employee at the Department, he received poor performance reviews and, over time, Poitras gave him less responsibility. (ECF 1 at 5.) Eventually, the Department terminated plaintiff, though plaintiff does not say when that occurred or who was involved in that decision. (ECF 1 at 5.) Plaintiff also failed to allege any information concerning his job title or duties; in a documented appended to a later filing, plaintiff was described as a "Grade 23 Project Manager with supervisory duties." (ECF 37 at 6.)

Plaintiff alleged that, while working at the Department, he had informed Poitras of an unspecified "disability." (ECF 1 at 5.) Elsewhere in the complaint, he listed the following conditions from which he allegedly suffered, though without claiming that he brought any of them in particular to the attention of Poitras: attention deficit hyperactive disorder; obsessive compulsive disorder; schizotypal personality disorder; and generalized anxiety disorder. (ECF 1 at 2.) He also referenced anterior cruciate ligament surgery during the relevant time period. (ECF 1 at 5.) In later filings, plaintiff stated that his conditions "by definition" affected his sleep, concentration, thinking, communication, speech, and work. (ECF 20 at 1; ECF 37 at 2.)

4

At some point, plaintiff allegedly received a work accommodation for his conditions. (ECF 1 at 5.) He appended his accommodation to later filings, which stated that plaintiff would have "a quiet, minimally distracting workspace," could use headphones, and that his manager would continue "writing tasks down with bullets or numbered steps." (ECF 37 at 6.)

Plaintiff alleged that his treatment and eventual termination were related to his disability. According to the complaint, unlike plaintiff, other employees who also made mistakes graduated from probation. (ECF 1 at 5.) Plaintiff further alleged that Poitras gave him an unspecified ultimatum concerning his work performance and did not follow his accommodation. (ECF 1 at 5.) In response to the ultimatum, plaintiff filed a discrimination complaint with defendant Romand at OER, who did not intervene to halt plaintiff's termination. (ECF 1 at 5.) In his complaint, plaintiff did not allege any details concerning the substance of his complaint to OER, but in later filings he clarified that it concerned various aspects of a performance review that he had received: that the review was an unfair ultimatum, not presented in bullet points, and not part of an "interactive process." (ECF 20 at 1; ECF 37 at 2.)

5

Plaintiff brought suit under the ADA and, on the complaint form for the Northern District of New York, checked the available boxes for termination, failure to accommodate, and retaliation. (ECF 1 at 3.) Plaintiff sought monetary damages for lost wages, emotional distress, and legal expenses. (ECF 1 at 4.) By way of injunctive relief, he sought an order requiring the Department to issue a letter of apology and to provide disability training for Department staff. (ECF 1 at 4.) Plaintiff did not seek reinstatement.

## B.  Proceedings Below

The district court dismissed the complaint for improper service (ECF 22, 38), plaintiff appealed, and this Court reversed and remanded for further proceedings. *Yerdon v. Poitras*, No. 23-230, 2023 WL 9791500, at *1 (2d Cir. Dec. 13, 2023).

Upon remand, the district court granted defendants' motion to dismiss for failure to state a claim. (ECF 55); *Yerdon v. Poitras*, No. 1:21-CV-565, 2024 WL 1765519 (N.D.N.Y. Apr. 24, 2024). Although as an initial matter, the court held that the claims against defendants were not barred by the State's sovereign immunity because plaintiff had adequately pleaded "discriminatory animus or ill will" (ECF 55 at 4), the

6

court nonetheless dismissed the claims against the individual defendants. The court noted that the individual defendants are not liable under the ADA in their personal capacities, and that any claims against defendants Poitras and Romand in their official capacities were redundant of the claims against the Department. Accordingly, the district court dismissed the claims against the individual defendants with prejudice. (ECF at 5-7.)

The court additionally held that plaintiff's cursory listing of conditions was inadequate to state a claim against the Department because pleading a disability requires a plaintiff to plead how an impairment substantially limits one or more of the plaintiff's major life activities. (ECF 55 at 6.) The district court dismissed the claims against the Department without prejudice.

This appeal followed.

## STANDARD OF REVIEW

This Court reviews de novo a district court's grant of a motion to dismiss. *Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024).

## SUMMARY OF ARGUMENT

This Court should affirm the district court's dismissal. While it is not clear whether plaintiff intended to sue the individual defendants in their personal or official capacities, either way the claims against them were properly dismissed with prejudice. The ADA does not provide for personal liability claims against individuals, and any official-capacity claims against the individual defendants would be redundant of the claims against the Department.

The district court also correctly dismissed the claims against the Department. Although the court mistakenly declined to dismiss these claims on the threshold basis of the Department's immunity, as explained below, the Department's immunity to lawsuits under Title I of the ADA provides an alternative basis to affirm.

This Court may also affirm the dismissal of the claims against the Department for failure to state a claim, as the district court correctly concluded. Plaintiff raised three ADA claims. The first two—employment discrimination and the failure to accommodate a disability—were properly dismissed because plaintiff did not adequately plead a disability under the ADA. Although he listed several conditions, he failed to allege

any facts about what substantial limitations, if any, those conditions place on any of his major life activities. His employment discrimination and failure-to-accommodate claims also failed to identify which of his conditions the Department knew about and who at the Department had that knowledge. The final claim—for retaliation—is likewise defective. Plaintiff alleges that he filed an antidiscrimination complaint, and the Department retaliated by subsequently terminating him. The complaint does not allege what the antidiscrimination complaint said, who was aware of it at the Department, who was involved in the decision to terminate him, or even when he was terminated. Even construing plaintiff's pro se complaint liberally, the allegations do not state a plausible claim.

Plaintiff asks for the first time, on appeal, for this Court to reverse and grant leave to amend his complaint to name the individuals only as defendants. His request should be denied as untimely and futile, as there is no statutory basis for a claim against the individuals.

## ARGUMENT

## POINT I

### THE DISTRICT COURT CORRECTLY DISMISSED THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS BECAUSE INDIVIDUALS IN THEIR PERSONAL CAPACITY ARE NOT LIABLE UNDER THE ADA

The district court properly dismissed the claims against the individual defendants with prejudice. It is not clear whether plaintiff meant to sue the individuals in their personal or official capacity, but that distinction does not matter in this case.

The relevant provisions of the ADA apply only to employers, not individuals. Thus, individuals cannot be liable in their personal capacities under the ADA. *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (retaliation claim); *Iwelu v. N.Y. State Off. of Mental Health*, No. 22-3096-CV, 2024 WL 2175938, at *2 n.5 (2d Cir. May 15, 2024) (summary order) (ADA claims generally); *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) (employment discrimination claim); *see Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) (citing with approval district court's holding that there is no individual liability under the ADA). Even if plaintiff's allegations could be construed to raise claims under Section 504 of the Rehabilitation Act (ECF 22 at 14 n.3), which "prohibits

10

disability discrimination under programs or activities receiving federal funds" and "expressly adopts the substantive standards set out in the ADA's employment provisions," *Williams v. MTA Bus Co.*, 44 F.4th 115, 123 n.11 (2d Cir. 2022), that provision does not provide for individual capacity suits against state officials. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Goe*, 43 F.4th at 35. Accordingly, insofar as plaintiff sued the individual defendants in their personal capacity, dismissal was proper.

Even if plaintiff meant to sue the individual defendants in their official capacities, dismissal was also proper. Courts "routinely" dismiss official-capacity claims against individuals when the plaintiffs also sue the pertinent state agency because the claims are redundant. *See Baptiste v. City Univ. of N.Y.*, 680 F. Supp. 3d 415, 424 (S.D.N.Y. 2023); *A.M. ex rel. J.M. v. NYC Dep't of Educ.*, 840 F. Supp. 2d 660, 678 (E.D.N.Y. 2012), *aff'd*, 513 F. App'x 95 (2d Cir. 2013); *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 451 (E.D.N.Y. 2007). In any event, the individual defendants are immune from lawsuit in their official capacities for the same reason as the Department, as explained in Point II.A.

# POINT II

**THE DISTRICT COURT CORRECTLY DISMISSED THE CLAIMS AGAINST THE DEPARTMENT**

## A. Plaintiff's Claims Are Barred by the State's Sovereign Immunity

As an initial matter, the claims against the Department are barred by the State's sovereign immunity from suit in federal court under the Eleventh Amendment. The district court declined to dismiss these claims on this ground, but in doing so, it mistakenly analyzed immunity as though plaintiff's claims arose under Title II of the ADA, which pertains to programs and services, rather than Title I, which pertains to employment.[3] And the Department is categorically immune from suit involving claims under Title I.

Federal courts cannot hear damages actions against states absent a valid abrogation or waiver of sovereign immunity. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). Congress has not abrogated sovereign immunity for claims brought under Title I of the ADA, and New York has not waived such immunity. *See Iwelu*, 2024 WL

---

[3] The court appears to have followed defendants' own mistake on this point. (*See* ECF 48-1 at 3-7.)

2175938, at *2 (citing *Bd. of Trs. v. Garrett*, 531 U.S. 356, 360 (2001)). Title I of the ADA governs employment, including claims by government employees, *see Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 169-71 (2d Cir. 2013), whereas Title II governs the provision of services, *see Noel v. N.Y.C. Taxi & Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012). The district court erred in analyzing this case under Title II (ECF 55 at 4) because the complaint alleges employment discrimination. *Mary Jo C.*, 707 F.3d at 171.

The Department is also immune from the retaliation claim, which arises under Title V of the ADA but, because based on employment discrimination, is predicated on Title I. This Circuit has never squarely addressed immunity from Title V claims, but "district courts within this Circuit have consistently extended *Garrett*'s holding to ADA Title V retaliation claims—at least to the extent that those claims are predicated on ADA Title I discrimination claims." *Quadir v. N.Y. State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (Oetken, J.); *see Bennett v. N.Y. State Thruway Auth.*, No. 6:22-CV-337, 2024 WL 1053222, at *7 (N.D.N.Y. Mar. 11, 2024) (applying *Quadir*).

Nor does it matter that plaintiff sought limited injunctive relief. The ADA supports actions by private individuals for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908). *See Garrett*, 531 U.S. at 374 n.9. But *Ex Parte Young* applies only if a plaintiff alleges an ongoing violation of federal law. *T.W. v. N.Y. State Bd. of L. Examiners*, No. 22-1661, __ F. 4th __, 2024 WL 3463499, at *12 (2d Cir. July 19, 2024). Plaintiff has not done so here, as he only complains of past acts of discrimination and does not seek reinstatement. *See State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96-97 (2d Cir. 2007) (holding that reinstatement remedies an ongoing violation of federal law). And even if plaintiff had, his request for staff training would not redress any personal injury because he no longer works for the Department. *See Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 39 (1976) (Article III requires a personal stake in remedy).

### B.   Plaintiff Fails to State a Plausible ADA Claim

The complaint can be read to raise three ADA claims against the Department: employment discrimination, failure to accommodate plaintiff's disability, and retaliation for having filed a discrimination complaint. The district court correctly dismissed these claims because,

14

even construed broadly, the complaint failed to plead the elements necessary to each claim, and courts "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### 1. Employment-discrimination and failure-to-accommodate claims

The employment-discrimination and failure-to-accommodate claims fail because plaintiff has not pled a disability, a necessary element of each claim. *See Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (employment discrimination); *Tafolla v. Heilig*, 80 F.4th 111, 118 (2d Cir. 2023) (failure to accommodate). This requires that a plaintiff plead (a) "a physical or mental impairment that substantially limits one or more [of his] major life activities" (the disability prong); or (b) "a record of such an impairment" (the record-of prong); or (c) that the person is "regarded as having such an impairment" (the regarded-as prong). 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(*i*), (j). The complaint failed to plead a claim under any of the three prongs.

Plaintiff did not adequately plead a disability under either the disability or record-of prongs because he only listed his various

conditions, which is insufficient to plead disability. *See Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198 (2002), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2009); *Ibela v. Allied Universal*, No. 21-1995-CV, 2022 WL 1418886, at *2 (2d Cir. May 5, 2022) (summary order); *see also* 29 C.F.R. § 1630.2(j)(1)(ii).

Although plaintiff's brief appears to reference allegations of disability made in his opposing papers, the district court permissibly limited its examination to his complaint. While a district court "may" consider papers opposing dismissal, *see Walker*, 717 F.3d at 122 n.1, a district court is "required only to address the sufficiency of the allegations" in the complaint. *See Jean-Laurent*, 461 F. App'x at 21-22. Even if the district court had considered more than the complaint, dismissal would still have been proper.[4] In those papers, plaintiff stated that his

_____

[4] Even if this Court disagrees and finds that statements in the plaintiff's opposition papers could support a discrimination claim, such consideration should go to whether he should be afforded an opportunity to amend rather than whether the pleading itself states a claim. *See, e.g.*, *Nielsen v. Rabin*, 746 F.3d 58, 62-64 (2d Cir. 2014); *Dimps v. Taconic Corr. Facility*, 802 F. App'x 601, 603-04 (2d Cir. 2020). To the extent plaintiff's brief on appeal attempts to further supplement his complaint,

(*continued on the next page*)

disabilities "by definition" limited his sleeping, concentrating, thinking, communicating, speaking and working. (ECF 20 at 1; ECF 37 at 2.) Although that statement names several major life activities, 29 C.F.R. § 1630.2(*i*), it does not explain how his impairments substantially limited any of them. *See Darcy*, 356 F. App'x at 437 (affirming dismissal of similar pro se pleadings).

Plaintiff also did not adequately plead a disability under the regarded-as prong of the definition. A person is "regarded as" disabled if he has "an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A); *see Hilton v. Wright*, 673 F.3d 120, 128-29 (2d Cir. 2012) (explaining how to apply the regarded-as prong). Plaintiff's "regarded as" allegations fall short for at least two reasons. First, this prong focuses on the perception of the person who took the alleged adverse action, *Bruzzese v. Sessions*, 725 F. App'x 68, 71 (2d Cir. 2018), which person the complaint failed to identify. Plaintiff thus necessarily

---

new allegations should not be considered. *See Rodrigues v. City of N.Y.*, 835 F. App'x 615, 617 (2d Cir. 2020); *Buhannic v. TradingScreen, Inc.*, 779 F. App'x 52, 53 (2d Cir. 2019); *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 F. App'x 123, 126 (2d Cir. 2019).

failed to plead any facts about the decision-maker's knowledge. *See Daly v. Westchester Cnty. Bd. of Legislators*, No. 23-1220-CV, 2024 WL 3264125, at *2 (2d Cir. July 2, 2024) (summary order). To be sure, the complaint stated that defendant Poitras was aware of a "disability," but it does not say she was the decision-maker or any details of what she knew. (ECF 1 at 5.) Second, the EEOC's regulations require impairments under the regarded-as prong be more than "transitory and minor," 29 C.F.R. § 1630.2(g)(iii), but plaintiff's complaint did not discuss the duration or severity of his impairments.

Contrary to plaintiff's arguments below (ECF 54 at 3), provision of an accommodation is not sufficient to demonstrate that an employer regarded an employee as disabled. *See Nyrop v. Indep. Sch. Dist. No. 11*, 616 F.3d 728, 736 (8th Cir. 2010); *Cigan v. Chippewa Falls Sch. Dist.*, 388 F.3d 331, 335 (7th Cir. 2004). Although *Nyrop* and *Cigan* were decided before the 2008 amendments to the ADA which removed the requirement that the impairment be perceived to be substantially limiting, *Hilton*, 673 F.3d at 129 (describing the amendments), the logic of those cases still holds. That is, employers may provide accommodations for any number of reasons other than a perception of impairment,

18

including effecting a quick resolution to a dispute, bolstering employee morale, or responding "to state laws, local regulations, collective bargaining agreements, and other norms." *Cigan*, 388 F.3d at 335.

Even if plaintiff adequately pled disability (he has not), his discrimination and failure-to-accommodate claims still fail. Because it is not clear who knew what about plaintiff's conditions or who terminated him, plaintiff has not pleaded the but-for causation required for employment discrimination. *See Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 148 (2d Cir. 2024). Nor has he pleaded that the Department refused to make reasonable accommodations. *Tafolla*, 80 F.4th at 118. Even taking his complaint and the factual allegations from other papers together, plaintiff alleges only that he was provided with an accommodation, but it was not followed in one instance. (ECF 1 at 5; ECF 20 at 1; ECF 37 at 6.) This allegation is facially deficient. According to plaintiff, his accommodation was that his tasks be given in bullet points, and his objection is that a performance review was not in bullet points. But a performance review is not itself a set of tasks.

### 2. Retaliation claim

Plaintiff failed to plead a retaliation claim because he did not plead who the retaliator was, that the retaliator knew of the protected activity, that the retaliator took an adverse action, or but-for causation. *See Tafolla*, 80 F.4th at 125 (listing the elements of retaliation claim). The complaint alleged only that plaintiff filed a discrimination complaint with OER because defendant Poitras gave him an "unfair ultimatum" (ECF 1 at 5), and plaintiff checked the box on the complaint form next to "Retaliation" (ECF 1 at 3). The termination could be an adverse action, but the complaint does not say who decided to terminate plaintiff, when that occurred, or whether the decision-maker knew of his discrimination complaint, let alone acted because of it. And plaintiff cannot rely on the timing of the termination for causation because he does not plead when he was terminated. *See Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 19 (2d Cir. 2015).[5]

---

[5] In opposition papers, plaintiff referenced a different discrimination complaint, related to a joke that his coworkers allegedly made about suicide. (ECF 20 at 2; ECF 37 at 1.) In his complaint, however, he referenced only a single discrimination complaint—about an "unfair ultimatum." (ECF 1 at 5.) A district court may consider opposition papers

*(continued on the next page)*

\*    \*    \*

For the first time on appeal, plaintiff asks for leave to amend so that he may pursue claims against the individual defendants only. (Br. 3.) Even though plaintiff is pro se, the "contention that the [d]istrict [c]ourt abused its discretion in not permitting an amendment that was never requested is frivolous." *Kim v. Saccento*, No. 21-2865, 2022 WL 9583756, at \*3 (2d Cir. Oct. 17, 2022) (summary order) (alteration in original) (quoting *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004)). This Court should deny the untimely request, especially because plaintiff's requested amendment would be futile for the reasons laid out above.

---

which raise new factual allegations that support the complaint's existing claims but cannot consider wholly new claims based on new facts. *See Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). So even if the district court had considered plaintiff's opposition papers, a new claim of retaliation based on a different discrimination complaint would rightly be excluded.

## CONCLUSION

The judgment should be affirmed.

Dated:  Albany, New York
        August 12, 2024

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Defendants-
  Appellees

By:  */s/ Douglas E. Wagner*

BARBARA D. UNDERWOOD      DOUGLAS E. WAGNER
  *Solicitor General*              Assistant Solicitor General
JEFFREY W. LANG
  *Deputy Solicitor General*
DOUGLAS E. WAGNER         The Capitol
  *Assistant Solicitor General*  Albany, New York 12224
    *of Counsel*             (518) 776-2022

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Douglas E. Wagner, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 4,023 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7) and Local Rule 32.1.

*/s/ Douglas E. Wagner*

**United States Court of Appeals**
**For the Second Circuit**

EDWARD A. YERDON,

*Plaintiff-Appellant,*

v.

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLE, ELIZABETH ROMAND,
KARIN POITRAS,

*Defendants-Appellees,*

DOCKET# 24-1263

STATE OF NEW YORK
COUNTY OF ALBANY   ss:
CITY OF ALBANY

   **CRISTAL R. GAZELONE** being duly sworn says:

   I am over eighteen years of age and an employee in the office of the Attorney General of the State of New York, attorney for the **Defendants-Appellees**, herein.

   On the **12th** day of **August, 2024** I served the annexed **Brief for Defendants-Appellees with Unpublished Decisions** upon the individual named below, by depositing 1 copy thereof, properly enclosed in a sealed, postpaid wrapper, in the letter box of the post office in the City of Albany, New York, a depository under the exclusive care and custody of the United States Postal Service, directed to the said individual at the address within the State respectively theretofore designated by him for that purpose as follows:

EDWARD A. YERDON
472 BAKER AVENUE
COHOES, NEW YORK 12047

Sworn to before me this
**12th** day of **August, 2024**

Notary Public

FREDERICK A. BRODIE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BR6394010
Qualified in Albany County
My Commission Expires 07-01-2025